**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DAIMI MATOS-RODRIGUEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-5809-OLG** |
| | § | |
| **WARDEN, SOUTH TEXAS ICE PROCESSING CENTER, *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) filed by Petitioner Daimi Matos-Rodriguez, to which Respondents filed a response (Dkt. No. 4). Petitioner is a citizen of Cuba who entered the United States in 2022 and was released on her own recognizance. *See* Dkt. Nos. 1 at 2; 1-2. She was ordered removed in 2024. *See* Dkt. No. 4-1 at 2. Petitioner did not appeal the order of removal, *see* Dkt. No. 1-4 at 1–2, and it is therefore administratively final. *See* 8 C.F.R. § 1241.1.[1]

Once an order of removal becomes administratively final, the statutory basis for continued detention shifts from 8 U.S.C. §§ 1225 and 1226 to § 1231. Therefore, Petitioner is detained under § 1231, and any challenge to her pre-final-order custody under §§ 1225 and 1226 is moot. *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006). Furthermore, any challenge to her post-final-order custody under § 1231 is without merit. Petitioner does not allege any facts demonstrating "good reason to believe that there is no significant likelihood of removal in the

[1]Petitioner asserts that she was unaware "she had an active removal order until her detention." Dkt. No. 1 at 2. That is implausible. *See* Dkt. No. 1-4 at 1–4. Since her arrest, Petitioner has moved to reopen her removal proceedings, which was denied, and requested a stay of removal, which remains pending. *See* Dkt. No. 1 at 3. Such actions have no impact on the administrative finality of her order of removal. *See Nken v. Holder*, 556 U.S. 418, 429 n.1 (2009); *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006); 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1.

reasonably foreseeable future," as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Of course, as the duration of Petitioner's confinement grows, "what counts as the 'reasonably foreseeable future' . . . would have to shrink." *Zadvydas*, 533 U.S. at 701. Accordingly, if Petitioner is not removed in the near future, her post-final-order challenge will fare much better.

**IT IS THEREFORE ORDERED** that the Petition (Dkt. No. 1) is **DISMISSED AS MOOT** insofar as Petitioner challenges her pre-final-order custody and **DENIED** insofar as she challenges her post-final-order custody.

This case is **CLOSED**.

**SIGNED** on September 24, 2026.

ORLANDO L. GARCIA
United States District Judge